JAMES CAMPBELL, Administrator, *vs.* JOHN H. COLLINGWOOD.

For a part payment, to take a claim out of the statute of limitations, it must appear that the payment was made on the claim and in recognition of an unpaid balance due.

An account was pleaded in set-off which contained two credits, the last of which was dated less than six years before the filing of the plea; the plaintiff replied with the statute of limitations. All the charges except one of the account were more than six years old. The account was admitted to be correct, but no evidence whatever explained the circumstances in which the money of the credit entry was paid.

*Held,* that the court could not infer a new promise to pay the entire account.

EXCEPTIONS to the Court of Common Pleas. The action was *assumpsit* and was tried by the court, jury trial being waived in the Common Pleas.

*February* 19, 1887. PER CURIAM.' This is *assumpsit* on two promissory notes, one for $1,000, due January 14–17, 1874, and the other for $500, due June 8–11, 1874. The defendant pleaded the statute of limitations and a plea in set-off. The thousand dollar note contained indorsements of payment within six years, and no question was made of the right of the plaintiff to recover upon it. The five hundred dollar note contained no indorsements of payment, but the plaintiff offered testimony which he claimed showed a new promise. The court did not find a new promise. The plaintiff excepted.

The question of a new promise on the evidence was simply a question of fact, and is not revisable on exceptions. The first exception must be overruled.

The defendant, under his plea in set-off, filed an account for rent, consisting of divers charges for rent, due monthly, running from September 16, 1878, to July 16, 1879. The account also contained two credits dated respectively May 14, 1879, and June 21, 1879. The plea in set-off was filed June 19, 1885, so that the last charge only is within six years prior thereto. The plaintiff replied to the plea in set-off, setting up the statute of limitations. The defendant claimed that his account is taken out of the statute by the payments received and credited thereon; the court so ruled, and the plaintiff excepted.

We do not understand that there was any evidence in regard to the circumstances in which the payments credited were made, but

only an admission at the trial that the defendant's account was correct. The defendant himself could not testify, the suit being by an administrator. Such being the case, the question is, whether the court was entitled to infer from the payments a new promise to pay the entire claim. We think not. The rule upon this question is, in our opinion, stated with admirable clearness and correctness by Baron Parke, in *Tippets* v. *Heane*, 1 C., M. & R. 252. His language is : " In order to take a case out of the statute of limitations by a part payment, it must appear, in the first place, that the payment was made on account of a debt; secondly, it must appear that the payment was made on account of the debt for which the action is brought. It is necessary, in the third place, to show that the payment was made as part payment of a greater debt; because the principle upon which a part payment takes a case out of the statute is, that it admits a greater debt to be due at the time of the part payment. Unless it amounts to an admission that more is due, it cannot operate as an admission of any still existing debt." And see, also, *Mills* v. *Fowkes*, 5 Bing. N. C. 455 ; *Wainman* v. *Kynman*, 1 Exch. Rep. 118; *Burn* v. *Boulton*, 2 C. B. 476 ; *Beltzhoover* v. *Yewell*, 11 Gill & J. 212; *Armistead* v. *Brooke*, 18 Ark. 521.

All that appears in this case is that payments were made. How, when, or in what circumstances they were made, does not appear. There is nothing to show that they were made upon any presentation of the account, or in any way which would authorize the inference that they were made as part payment of the entire claim. And it appears that the court, in making its ruling, was not influenced at all by the evidence recited under the first exception ; the statement being that the court ruled that the payments took the entire account out of the statute, which we understand to mean that the court ruled that the mere fact that the payments were made was sufficient to have that effect. We think this was error.

The second exception is sustained, and the case remitted to the Court of Common Pleas for a new trial.

*Exceptions sustained.*

*Charles A. Wilson & Thomas A. Jenckes*, for plaintiff.
*Dexter B. Potter*, for defendant.